IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br><br>   v.<br><br>Marcus Smith,<br><br>       Defendant. | Case No. 1:24-cr-00042-DLF<br><br>**Supplemental Authorities Regarding the Admissibility of President Trump's Speech and Circumstantial Authentication** |

MARCUS SMITH ("Mr. Smith"), by and through his counsel of record, Kevin A. Tate and Benjamin Nemec, Assistant Federal Defenders, District of Nevada, files the following supplemental authorities regarding the admissibility of President Trump's "Stop the Steal" speech as well as the actions of other authorities and circumstantial authentication.

I. **Admissibility of President Trump's Speech**

At the September 18, 2024, pretrial conference, this Court requested the parties provide supplemental authority regarding the admissibility of President Trump's "Stop the Steal" speech. As argued by the government and conceded by Mr. Smith, President Trump's speech cannot be used for a public authority defense or entrapment-by-estoppel defense. *United States v. Sheppard*, Case No. 21-203 (JDB), 2022 WL 17978837, at *7 (D.D.C. May 23, 2023); *United States v. Carpenter*, Case No. 21-305 (JEB), 2023 WL 1860978, at *2 (D.D.C. Feb. 9, 2023).

But President Trump's speech can be used for other reasons. For example, it can be used to show the defendant "believe [they] had lawful authority to enter or remain in a restricted building or grounds to negate the necessary mens rea" for counts under § 1752(a). *United States v. Eicher*, Case No. 22-38 (BAH), 2023 WL 3619417, at *2 (D.D.C. May 23, 2023); *see also* Defense Exhibit List, *United States v. Sheppard*, Case No. 2:21-cr-203 (JDB), ECF No. 88. It also is generally admissible to show the "Defendant's state of mind that day." *United States v. Easterday*, Case No. 22-404 (JEB), 2023 WL 6646384, at *3 (D.D.C. Oct. 12, 2023); *see also*

*United States v. Griffith*, Case No. 21-244-2 (CKK), 2023 WL 2043223, at *3 ("Statements by political leaders and the conduct and statements made by the mob surrounding Defendant both bear on Defendant's mental state at the time of the charged offenses.")  In *Eicher* specifically, the court admitted President Trump's speech specifically to negate the mens rea under § 1752(a)(1) because § 1752(a) "presents a rare case in which mistake of law negates the required mental state of the offense, because to satisfy the elements of the count, the parties agree that the government will have to prove at trial that defendant entered or remained in a restricted building or grounds without lawful authority to do so, and that she did so knowingly."  2023 WL 3619417, at *5 (internal citations quotations omitted).  This same logic would apply to Count One because "willfully" as used in § 1361 requires the defendant to have known he was acting unlawfully.

And, for similar reasons, some district courts in the circuit have also allowed defendant to present evidence of law enforcement's inaction to negate their mens rea or generally show their state of mind.  *See, e.g.,* Mem. & Order, *United States v. Bender*, Case No. 21-cr-508(BAH), ECF No. 76, *United States v. Oliveras*, Case No. 21-cr-738 (BAH), 2023 WL 196525, at *2 (D.D.C. Jan. 17, 2023); *United States v. Baez*, 695 F.Supp.3d 94, 106 (D.D.C. 2023).

Simply put, although Mr. Smith is not pursuing a public authority or entrapment-by-estoppel defense, President Trump's speech, and the actions of authorities in general, are supremely relevant in the jury's determination of Mr. Smith's state of mind.

## II. Circumstantial Authentication

It is true that the government can authenticate evidence with circumstantial evidence.  *United States v. Bruner*, 657 F.2d 1278, 1284 (D.C. Cir. 1981).  But circumstantial authentication does not completely remove the government's burden to lay the proper authentication foundation.

But important to note—the authentication foundation *must be admissible*.  It cannot, for instance, be based on inadmissible hearsay.  In *Tongil Co. v. Vessel Hyundai Innovator,* the Ninth Circuit held the district court erred in allowing a party to authenticate business records using hearsay.  968 F.2d 999, 1000 (9th Cir. 1992) (per curiam).  Specifically, the proponent

attempted to authenticate the records using declarations which constituted hearsay. *Id.* The Court held the statements being used to authenticate cannot be hearsay or must fall within an exception. *Id.* It held "that district court erred in permitting the declarations to be used to lay the foundation for the admission of hearsay under Rule 803(6) because the declarations are hearsay and do not fall under any exception to the hearsay rule." *Id.*

The underlying rule—that the underlying authentication must be admissible—applies here. It is unclear what route the government will take in authenticating the "open source" videos it intends to introduce. Whatever route they take, the authentication must be admissible.

Respectfully submitted,

*/s/ Benjamin Nemec*
Kevin A. Tate
Litigation Resource Counsel-AFD
Nevada State Bar No: 8987
Benjamin Nemec
Assistant Federal Defender
Nevada State Bar No. 14591
411 East Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101
Email: Kevin_Tate@fd.org
       Ben_Nemec@fd.org
Phone: (702) 388-6577

**Counsel for Marcus Smith**

**Dated**:  September 20, 2024.